Pace *et al. v.* Vaughan.

HARVEY T. PACE *et al.*, plaintiffs in error, v. RURAL J. VAUGHAN, defendant in error.

*Error to Jefferson.*

The 19th section of the "*Act concerning judgments and executions,*" approved January 17, 1825, which exempts from execution certain articles of personal property, provides, that if any sheriff, or other officer, shall take or seize any of said articles of property by virtue of any execution, he shall be liable to the party injured for three times the value thereof, to be recovered by action of trespass, with costs of suit. The treble value of the property is given by way of penalty, and the party seeking to recover it, must declare as for a penalty.

It is a general rule in pleading, that in an action founded on a statute, the declaration should show specially that the case comes within the provisions of the statute. The party claiming the penalty must show clearly, a state of case which entitles him to recover it. Although no particular form of declaration is required by the aforesaid statute, still the general rule applies in this case.

If the injured party declares in the common form of the action of trespass, without any reference to the statute, he is only entitled to recover simple damages for the trespass; but if he claims the penalty, he should declare specially on the statute.

This statute only gives the penalty against the officer levying the execution; the plaintiff in the execution cannot be made a party to the suit.

TRESPASS, in the Jefferson Circuit Court, against the plaintiff in an execution and the constable levying the same, for taking property alledged to be exempt from execution under the statute. The case was heard before the Hon. Walter B. Scates, at the March term 1843, and judgment rendered in favor of the plaintiff below, for the sum of $18, three times the value of the property taken.

The defendants pleaded in justification, that on the 17th day of February, 1840, Pace recovered a judgment against Vaughan, before a justice of the peace, for the sum of $24·79 and costs of suit, on which judgment execution issued Sept. 21, 1841, and came into the hands of Scott, the co-defendant, an acting constable of Jefferson county, by virtue of which execution he levied, October 27, 1841, on a two years' old heifer, and that the same was afterwards regularly sold. The plaintiff replied, that the property levied on was exempt under and by virtue of the statute in such case made and pro-

vided.   The defendants demurred to the replication, but the demurrer was overruled, and issue being joined, the case was submitted to the Court.   In addition to the facts above set forth, it appeared in evidence among other things, that the plaintiff was the head of a family, and had not sixty dollars worth of property at the time the heifer was taken away. Judgment was rendered as above mentioned, exceptions were filed, and the case brought into this Court by writ of error.

*J. C. Conkling*, for the plaintiffs in error, contended that the declaration should have set out the facts specially, and, in support of the position, cited *Cole* v. *Smith*, 4 Johns. 197; *Newcomb* v. *Butterfield*, 8 do. 345; *Warren* v. *Doolittle*, 5 Cowen, 686; *Benton* v. *Dale*, 1 do. 160; Comyn's Dig. *Pleader* C. (76); Ibid, *Action on Stat.* A. (3).

The law of 1825 authorizes the suit for treble damages against the officer only.   R. L. 376; Gale's Stat. 394.

*J. A. McDougall*, for the defendant in error.

The Opinion of the Court was delivered by

Treat, J.   This was an action of *trespass* brought by Vaughan against Pace and Scott.   The declaration was in the usual form, for taking and driving away a cow belonging to the plaintiff.   The defendants, by their plea, justified the taking by the defendant, Scott, as a constable, by virtue of an execution issued on a judgment in favor of the defendant, Pace, against the plaintiff.   The plaintiff replied, that by the laws of the State, the property was exempt from execution.   The cause was heard by the Court, and a judgment rendered in favor of the plaintiff for $18, three times the value of the property.

To reverse that judgment, the defendants prosecute a writ of error.   The principal question presented by the assignment of errors, is whether the plaintiff was entitled to recover the treble value of the property.   The 19th section of the *"Act concerning judgments and executions,"* approved January 17th, 1825. R. L. 376, Gale's Stat. 394, which exempts from

execution certain articles of personal property, provides, that if any sheriff, or other officer, shall take or seize any of said articles of property by virtue of any execution, he shall be liable to the party injured for three times the value thereof, to be recovered by action of trespass, with costs of suit. It is under this provision of the statute, that the plaintiff insists, that the judgment of the Circuit Court ought to be sustained. The treble value of the property is given by way of penalty, and the party seeking to recover it, must declare as for a penalty.

It is a general rule in pleading, that in an action founded on a statute, the declaration should show specially that the case comes within the provisions of the statute. The party claiming the penalty must show clearly, a state of case which entitles him to recover it. The defendant ought to be notified particularly of the grounds of the action. 1 Chitty's Pl. 405; 6 Comyn's Dig. 88; *Cole* v. *Smith,* 4 Johns. 194; *Benton* v. *Dale,* 1 Cowen, 160; *Livingston* v. *Platner,* Ib. 175.

There is nothing in the statute exempting this action from the operation of the general rule. It declares in what form of action the penalty may be recovered, but prescribes no particular form of declaration. The declaration in the present case, is in the common form of the action of trespass, without any reference to the statute. There is nothing in it which, in any degree, notified the defendants that a penalty was sought to be recovered, and the claiming to recover it on the trial, was well calculated to take them by surprise. On this declaration, the plaintiff was only entitled to recover simple damage for the trespass. If he claimed the penalty, he should have declared specially on the statute.

There is another point of view, in which the judgment cannot be sustained. The judgment is against the plaintiff in the execution, as well as the constable. The plaintiff in the execution is not liable for the penalty. The statute only gives the penalty against the officer levying the execution, and it would be doing violence to its provisions, to extend it to any other person.

As the plaintiff is at liberty to abandon his claim for the

penalty, and go only for simple damages, the cause will be remanded, that he may have an opportunity of taking that course, if he should think proper.

The judgment of the Circuit Court is reversed with costs, and the cause remanded.

*Judgment reversed.*